609 S.W.2d 149 (1980)
STATE ex rel. the COMMISSIONERS OF the STATE TAX COMMISSION of Missouri et al., Relators,
v.
Charles SCHNEIDER, Assessor for St. Louis County, Missouri et al., Respondents,
J. David Cassilly, Intervenor.
No. 62232.
Supreme Court of Missouri, En Banc.
December 15, 1980.
*150 John Ashcroft, Atty. Gen., Michael Finkelstein, Asst. Atty. Gen., Jefferson City, for relators.
Thomas W. Wehrle, St. Louis County Counselor, Clayton, for respondents.
Martin O'Brien, Baldwin, for intervenor.
HIGGINS, Judge.
Relators, Commissioners of the State Tax Commission, seek a writ of mandamus to compel respondents, Assessor for the County of St. Louis and members of the St. Louis County Board of Equalization, to implement a plan for the equalization of real property assessments in St. Louis County as directed by order of the State Tax Commission. The Commission contends that the writ should issue because St. Louis County assessing officials are under a clear duty to equalize the assessments of real property for property tax purposes and have refused to implement a plan for the revaluation of real property within the county. St. Louis County argues that the writ should not issue because: (1) a petition for review filed by it in the Circuit Court of Cole County and pending on appeal in this Court is an adequate remedy at law; (2) the Commission has not come into Court with clean hands; and (3) the Commission's order to implement a plan to equalize property assessments *151 in St. Louis County is unconstitutional in that it violates equal protection rights guaranteed to citizens of St. Louis County; and (4) Commission Chairman Dennis K. Hoffert had no authority to participate in the determination which resulted in the order. This Court has jurisdiction to issue and determine original remedial writs. Mo. Const. art. V, § 4. Rule 84.22 is procedural, and does not affect jurisdiction. State ex inf. Roberts v. Buckley, 533 S.W.2d 551 (Mo. banc 1976). The alternative writ previously issued is made peremptory.
Mo. Const. art. X, § 3, requires that taxes "shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." State ex rel. Cassilly v. Riney, 576 S.W.2d 325 (Mo. banc 1979) found that St. Louis County was in violation of this constitutional provision because taxes were not uniform between new homes and homes not assessed since 1960. Mandamus, however, was not utilized at that time to enforce compliance. The State Tax Commission was determined to have the "lawful authority to supervise all assessing officers and boards of equalization and to exercise administrative powers with reference thereto," and was given first opportunity to enforce the "laws relating to the general property tax."
Pursuant to that decision, the State Tax Commission on February 15, 1979, ordered the Assessor and Board of Equalization of St. Louis County to submit a plan no later than July 2, 1979, for the general revaluation of real property in St. Louis County. St. Louis County submitted a plan and on August 29, 1979, the Commission responded. Pursuant to this response St. Louis County submitted an amended plan on October 31, 1979. The Commission held a hearing on the amended plan that same day.
The Commission issued an order on March 28, 1980, which approved the plan and ordered that it be implemented on July 1, 1980 and completed by December 31, 1983. On April 25, 1980, St. Louis County filed in the Circuit Court of Cole County a petition for review of that order and a motion to stay pending final disposition of the proceeding. The Commission wrote a letter to St. Louis County on May 16, 1980, requesting that they detail their plans for implementing revaluation; by letter of May 20, 1980, St. Louis County refused to respond in any fashion "until final adjudication on this matter." The Commission filed this mandamus action on May 23, 1980, and the Alternative Writ was issued July 15, 1980. Upon the Commission's motion, the circuit court dismissed the petition for review on June 1980. Appeal of the dismissal to the court of appeals was transferred to this Court prior to opinion; it is decided concurrently with this case. See St. Louis County v. State Tax Commission, 608 S.W.2d 413 (Mo. banc 1980).
A court will issue a writ of mandamus only when it is shown that the party requesting the writ has a clear and unequivocal right to the relief requested; its purpose is to execute, not adjudicate. State ex rel. Sprague v. City of St. Joseph, 549 S.W.2d 873 (Mo. banc 1977). Mandamus will not issue where there is another adequate remedy available to relator. State ex rel. Kelley v. Mitchell, 595 S.W.2d 261 (Mo. banc 1980).
The Commission, in accordance with the dictates of State ex rel. Cassilly v. Riney, supra, ordered St. Louis County to implement the plan as submitted by the county and approved by the Commission to ensure uniform taxation in compliance with Mo. Const. art. X, § 3, and compliance with § 137.115, RSMo 1978, which requires that property be annually assessed at 33 1/3 per cent of its true value in money. St. Louis County refused to comply with that order and instead sought judicial review.
St. Louis County contends that mandamus should not issue because the petition for review is an adequate alternative remedy of law to determine the issues presented in this action.
The order of the Commission is not reviewable as a contested case pursuant to § 536.100, RSMo 1978, and was properly dismissed by the Circuit Court. St. Louis County v. State Tax Commission, supra.
*152 There is no adequate alternative remedy for the enforcement of the Commission's order.
St. Louis County contends that the Commission does not come into court with clean hands because it has failed to enforce the general property tax laws in that no other county has been ordered to revalue property for assessment purposes. It also contends that the order of the Commission requiring it to implement a plan to equalize real property assessments violates equal protection rights of St. Louis County citizens guaranteed by U.S.Const. Amend. XIV, and Mo. Const. art. I, § 2, because St. Louis County is the only county in the state ordered to implement a plan of revaluation and reassessment.
St. Louis County argues that the amount of state aid each school district receives is proportionate to the assessed valuation of real property within each district; as assessed valuation rises, the amount of state aid to that district falls. Consequently, while school district funding remains stable, this happens only because taxpayers in St. Louis County are forced to carry a greater burden. Implementation of the order will result in a proportionately unequal and unconstitutional distribution of state aid to school districts because only St. Louis County has been ordered to implement reassessment.
At this time, St. Louis County has only been ordered to implement its plan for equalization of property values which is to be completed by December 31, 1983. The equalized values will not be placed on the tax books for assessment purposes until January 1, 1984. Although there may be other counties not presently in compliance with the legislative pronouncement of § 137.115, the Commission must begin the process of reassessment somewhere. Because St. Louis County was found to be in violation of Mo. Const. art. X, § 3, in State ex rel. Cassilly v. Riney, supra, it is reasonable that the Commission start there.
The February 15, 1979, order of the Commission directed assessing officers of all other counties to begin the process of revaluation or to show cause why such order should not issue. The Commission has filed an affidavit in this Court listing eleven counties that have had their plans approved and ordered implemented since the filing of this petition for writ of mandamus, and counsel for St. Louis County conceded in oral argument that there were other counties ordered to implement their plans. Therefore any contention that St. Louis County has been singled out or that the Commission has failed to enforce the law relating to the general property tax in other counties has been rendered moot. It is not a violation of equal protection to require a county to comply with state constitutional and statutory provisions applicable statewide.
St. Louis County contends that the Commission's order was void and therefore fails to establish its duty to implement the plan for reassessment and revaluation because Dennis K. Hoffert had no authority to participate in the determination which resulted in the order in that the unexpired term to which he had been appointed expired on January 23, 1980 and he had not been appointed to the Commission and confirmed by the senate after that date as required by Mo. Const. art. IV, § 51.
Mo. Const. art. IV, § 51, provides:
All members of administrative boards and commissions, * * * appointed by the governor shall be made only by and with the advice and consent of the senate. * * * If the senate is not in session, the authority to act shall commence immediately upon appointment by the governor but shall terminate if the advice and consent of the senate is not given within thirty days after the senate has convened in regular or special session. * * *
Mo. Const. art. VII, § 12, provides:

Tenure of office. Except as provided in this constitution, and subject to the right of resignation, all officers shall hold office for the term thereof, and until their successors are duly elected or appointed and qualified.
In the present case Mr. Hoffert was appointed while the Senate was not in *153 session to fill an unexpired term which terminated on January 23, 1980. The senate gave its advice and consent to his appointment on December 10, 1979, within thirty days after the senate had convened. S. Jour., 6th day-December 10, 80th Gen. Ass., 1st Extra Sess., 1979. Once appointed and confirmed, by virtue of Mo. Const. art. VII, § 12 and art. IV, § 4,[1] he had authority to serve as chairman of the State Tax Commission until his successor had been appointed and qualified. See State ex rel. Robinson v. Thompson, 38 Mo. 192 (1866). In any event, the order approved by all three members of the Commission[2] was a valid order of the Commission in that two commissioners constitute a quorum to approve and confirm an order. Section 138.240(2), RSMo 1978.
St. Louis County cites In Re Weston Benefit Assessment, Inc., 294 S.W.2d 353 (Mo. App.1956) which applied the rule that if a disqualified member of an administrative body participates in the hearing and determination, the decision is void or voidable at the instance of the party aggrieved who has timely objected even if his presence was not required to constitute a quorum. The Commission argues, and correctly so, that In Re Weston Benefit Assessment, Inc., supra, can be distinguished on the facts and is not controlling. In that case the court of appeals found a member of the board should have been disqualified because of his personal interest in the outcome of the cause and determined that the aforementioned rule should be applied because the participation of the disqualified member could have influenced the opinion of the other members. In the present case, however, St. Louis County has not contended and there is no indication that Mr. Hoffert was biased or had a personal interest in the outcome of the cause. He was an authorized commissioner at the time of the hearing even if he was not authorized at the time of the order. Mr. Hoffert's presence does not provide a reason to declare the order void.
The March 28, 1980, order of the State Tax Commission was a valid order which obligated St. Louis County to implement its proposed and approved plan for revaluation on July 1, 1980. That plan has not been implemented at this time; the alternative writ of mandamus is made peremptory.
All concur.
NOTES
[1] "The governor shall fill all vacancies in public office unless otherwise provided by law, and his appointees shall serve until their successors are duly elected or appointed and qualified."
[2] Section 138.190, RSMo 1978, provides for a three member commission.