**Robert PRESLEY and Anita Presley, Appellants,**

v.

**CITY OF EAST PRAIRIE, Respondent.**

No. 18668.

Missouri Court of Appeals, Southern District. Division One.

Oct. 27, 1993.

Stephen L. Taylor, Burns & Taylor, Sikeston, for appellants.

W.H. Winchester, III, Stephanie M. Gleason, Drumm, Winchester & Gleason, Sikeston, for respondent.

MONTGOMERY, Judge.

Robert and Anita Presley (Plaintiffs) filed a petition in mandamus against the City of East Prairie, Missouri (City), seeking an order requiring the City to issue them a package liquor license. Subsequently, the trial court issued a preliminary order in mandamus. After the City answered Plaintiffs' petition, a bench trial resulted in a judgment denying relief to Plaintiffs. They appeal, raising one allegation of error.

Plaintiffs generally contend that they met all requirements of the city ordinance for the issuance of a package liquor license, and the trial court erred in denying them relief because the judgment was unsupported by substantial evidence and was against the weight of the evidence.

The City stipulated at trial that Plaintiffs were qualified under the city ordinances and state law as suitable recipients of a package liquor license, unless City Ordinance 50.060 [1] precluded issuance of the license.

City Ordinance 50.060 prohibited the sale of liquor in certain areas of the City, providing in pertinent part that,

---

1. The ordinance was amended after Plaintiffs' application for liquor license was filed. Howev-   er, the amended ordinance is not involved in the question before us.

1. No license shall be granted for the sale of intoxicating liquor ... within three hundred (300) feet of any school, church or other building regularly used as a place of religious worship....

2. The distance of three hundred (300) feet shall be measured from the front door of the school, church or other building regularly used as a place of religious worship on a direct line to the front door of the building or street thereof that is limited or used for the sale of intoxicating liquor.[2]

Both parties agree the only issue before the trial court was whether Plaintiffs' building was more than 300 feet from the nearest school, church or place of worship. The controversy centers upon the proximity of the R.A. Doyle Elementary School to Plaintiffs' proposed liquor store building located on a nearby city street.

The elementary school is composed of five separate buildings, including the school cafeteria building. Classes are conducted in each of the five buildings. The school building closest to Plaintiffs' premises houses the cafeteria and physical education classes. The next closest school building to Plaintiffs' premises is the so-called "main" school building. Various measurements from each of these two school buildings to Plaintiffs' premises created the dispute we face.

Plaintiffs' proposed liquor store building, as depicted by Plaintiffs' Exhibit 8, has two front doors. The testimony reveals that one of these front doors measures a few feet farther than the other from any of the R.A. Doyle Elementary School buildings.

▌ Our review is governed by Rule 73.-01(c)[3] as construed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment of the trial court will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law or it erroneously applies the law. *See State ex rel. Kessler v. Shay*, 820 S.W.2d 311, 314 (Mo.App.1991).

Neither party requested findings of fact and none were made. Thus, in this court-tried case, all fact issues upon which no specific findings are made are considered as having been found in accordance with the result reached. Rule 73.01(a)(2); *Long v. Zirkle*, 811 S.W.2d 840, 844 (Mo.App.1991).

The following facts are consistent with the result reached and are supported by competent and substantial evidence. After suit was filed, the City requested Martin Lucas, a registered land surveyor, to make direct line measurements between the front door of the "main" school building and the two front doors on Plaintiffs' building. Lucas was later requested to make the same measurements from all doors on the school cafeteria building to the front doors on Plaintiffs' building. The measurements by Lucas revealed that the distance between any door on the school cafeteria building to either front door on Plaintiffs' building was less than 300 feet.

▌ Plaintiffs argue that their measurements from the front door of the "main" school building to their intended front door (the door farthest from school premises) exceeded 300 feet. They also say that when City Inspector Danny Lafferty made measurements shortly after Plaintiffs applied for a liquor license (and before Lucas's measurements), he made those measurements to a door that Plaintiffs at no time intended to be the front door of their liquor store. Like Plaintiffs, Lafferty measured from the front door of the "main" school building, and his measurements indicated a distance of less than 300 feet to the closest front door of Plaintiff's building. His initial measurement led to the denial of Plaintiffs' application. At Plaintiffs' request, Lafferty remeasured between the same points (using a 100–foot tape instead of an uncalibrated measuring wheel) and found the distance was 303 feet. Based on this evidence, Plaintiffs believe they should prevail.

2. The vagueness of this ordinance becomes apparent after a recitation of the facts of this case. However, we only address the point raised by Plaintiffs.

3. Rule references are to Missouri Rules of Court (1993).

Plaintiffs' arguments fail for several reasons. First, none of the measurements made by Plaintiffs nor by city inspector Lafferty were made on a direct line as required by the ordinance. Secondly, none of these measurements were made from the school cafeteria building to Plaintiffs' building, and the ordinance is not limited to measurements from a "main" school building. Furthermore, Plaintiffs do not contend the cafeteria building is not part of the R.A. Doyle Elementary School. Plaintiffs cannot ignore the evidence of the distance between the school cafeteria building and their building. The ordinance language speaks in terms of "any school," and the cafeteria building is part of a school.

Therefore, regardless of which front door Plaintiffs intended to use for their liquor store and regardless of the distance from the front door of the "main" school building, the distance on a direct line from the two front doors on Plaintiffs' building to any door on the school cafeteria building was less than 300 feet. By the result reached, the trial court found Plaintiffs were not qualified to receive a liquor license under the ordinance, and this finding has substantial evidentiary support. Neither is it against the weight of the evidence.

 Cities may fix standards to be met before issuing a liquor license so long as the ordinance does not conflict with state statutes. *State ex rel. Southland Corp. v. City of Woodson Terrace*, 599 S.W.2d 529, 530 (Mo. App.1980). Furthermore, "[t]he issuance of a [liquor] license ... may be compelled by mandamus where the pleadings and the evidence conclusively show that the relator is in every way qualified and the only question to be resolved is one of law." *Id.* at 531, citing *State ex rel. Kopper Kettle Restaurants, Inc. v. City of St. Robert*, 424 S.W.2d 73, 80 (Mo.App.1968).

Here, Plaintiffs were required to meet the distance requirement set by the ordinance in order to qualify for a liquor license. Mandamus would lie only if Plaintiffs met the distance requirement upon which they had the burden of proof. *State ex rel. Southland Corp.*, 599 S.W.2d at 531. Because either front door of Plaintiffs' building was less than 300 feet from any door of the R.A. Doyle

Elementary School cafeteria building, Plaintiffs failed to establish they were qualified under the ordinance to receive the liquor license.

Judgment affirmed.

PARRISH, C.J., and SHRUM, J., concur.