**STATE ex rel. CASEY'S GENERAL STORES, INC., and Donita Haworth, Relators–Appellants,**

v.

**A.L. KISSINGER and Gene Jones, Commissioners of the City of West Plains; Harry Kelly, Mayor of the City of West Plains; and The City Of West Plains, a Municipal Corporation, Respondents.**

No. 20178.

Missouri Court of Appeals,
Southern District,
Division One.

June 25, 1996.

Kenneth A. Wagoner, Brill, Moore & Wagoner, P.C., West Plains, for Relators–Appellants.

Robert Z. Oberzalek, Cantrell & Oberzalek, Eminence, for Respondents.

1. All references to statutes are to RSMo 1994.

GARRISON, Judge.

"Donita K. Haworth DBA Casey's General Store" made application to the City of West Plains, Missouri for a liquor license to sell original package beer and wine at "816 St. Louis St." The application was denied because this location was less than 300 feet from a church. Ms. Haworth and Casey's General Stores, Inc. (Appellants) then filed a petition in mandamus, which was dismissed by the trial court after an evidentiary hearing. This appeal followed.

Section 311.080 [1] provides, in pertinent part:

1. No license shall be granted for the sale of intoxicating liquor ... within one hundred feet of any school, church or other building regularly used as a place of religious worship, unless the applicant for the license shall first obtain the consent in writing of the board of directors of the school, or the consent in writing of the majority of the managing board of the church or place of worship....

2. The board of aldermen, city council or other proper authorities, of any incorporated city, town or village, may by ordinance, prohibit the granting of a license for the sale of intoxicating liquor within a distance as great as three hundred feet....

The City of West Plains adopted Ordinance 4–34, which states:

No liquor license shall be granted for the sale of intoxicating liquor within three hundred (300) feet of any school, church or other building regularly used as a place of worship or a public playground.

The application identified the location to be licensed as 816 St. Louis St., which is the entire property containing a Casey's General Store, including a paved area around the building. The Second Baptist Church is located north of Casey's on St. Louis St. In the trial court, Appellants contended that the City should be required to issue the license because the distance between the entrance to the church and the entrance to Casey's was more than 300 feet, as was the distance from the nearest point of the church to the cash

register in Casey's, which Appellants claimed was the intended point of sale.

The trial court found that the distance between the two closest points of the church building and Casey's building was 284.3 feet; the distance between the front doors of the two buildings was 345.5 feet; and the distance between the nearest point of the church and the proposed point of sale was 327.4 feet. It denied the relief sought by Appellants, noting that the application listed 816 St. Louis St. as the address at which liquor would be sold, without further limitation. The Court reasoned that:

> [B]ased on the application for liquor license as submitted by relators, the sale of intoxicating liquor could occur on the premises of Casey's store at 816 St. Louis Street ... at a point which is less than 300 feet from the Second Baptist Church.

The court concluded that the City did not err when it denied the application.

Our review is governed by Rule 73.01(c) as construed in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). Therefore, the judgment of the trial court will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*

On this appeal, Appellants contend that the trial court erred in not ordering the license issued. As they did in the trial court, they contend that the controlling measurements are either from portal-to-portal or from the nearest point of the church to the proposed point of sale, i.e., the cash register of the store. Since both measurements are more than 300 feet, they argue that the license should be issued.

■ Mandamus is a proper action to obtain a liquor license which has been wrongfully withheld. *State ex rel. Casey's General Stores, Inc. v. City Council*, 699 S.W.2d 775, 776 (Mo.App. S.D.1985). In such an action, however, Appellants are required to demonstrate a clear and unequivocal right to the relief requested. *State ex rel. Jay Bee Stores, Inc. v. Edwards*, 636 S.W.2d 61, 62 (Mo.banc 1982). Mandamus will not lie when the right sought to be enforced is doubtful. *Id.* at 63.

■ Cities may fix standards to be met before issuing a liquor license so long as the ordinance does not conflict with the state statute. *State ex rel. the Southland Corp. v. City of Woodson Terrace*, 599 S.W.2d 529, 530 (Mo.App. E.D.1980). In fact, § 311.080.2 specifically authorizes a city to prohibit a liquor license for the sale of intoxicating liquor within a distance of up to 300 feet from a church.

■ Section 311.240.3 provides that every license issued under Chapter 311 "shall particularly describe the premises at which intoxicating liquor may be sold thereunder, and such license shall not be deemed to authorize or permit the sale of intoxicating liquor at any place other than that described therein." West Plains city ordinance § 4–37 contains an almost identical provision. In the instant case, the application sought a license that would have authorized the sale of intoxicating liquor at 816 St. Louis St., which encompassed the entire location of the Casey's store and the surrounding parking area. The evidence was clear that a portion of that property, including a part of the Casey's building, was less than 300 feet from the church. Mandamus to require the issuance of a license to Appellants for 816 St. Louis St. would lie only if they met the distance requirements, a matter on which they had the burden of proof. *See Presley v. City of East Prairie*, 863 S.W.2d 687, 689 (Mo.App. S.D.1993). They have not done so.

Appellants' argument that the controlling measurement should be from the door of the church to the customer's door of the Casey's store is not persuasive. Their application would authorize the sale of intoxicating liquor at any point on the property identified as 816 St. Louis St. Although they cite *State ex rel. Collins v. Keirnan*, 240 Mo.App. 403, 207 S.W.2d 49 (W.D.1947), as implying that the appropriate measurement is "portal-to-portal," we do not interpret it as authority for that premise. That case involved a city which disagreed with the State Supervisor of Liquor Control's decision to grant a license where the store in question was partitioned so that the area to be used for liquor sales

was more than 100 feet from a church. The bar in question was legally located under the applicable city ordinance, and the city attempted to interpret and apply the state statute differently than had the State Supervisor of Liquor Control. *Id.* 207 S.W.2d at 53–54. The court said that "[t]he city official is only concerned with the enforcement of the city ordinances...." *Id.* 207 S.W.2d at 54.

Appellants also cite *Presley v. City of East Prairie* as indicating that some cities have interpreted *Collins* as authorizing liquor licenses based on portal-to-portal measurements. Notwithstanding the fact that a city's possible interpretation is not controlling, *Presley* involved a city ordinance that specifically directed that the decisive measurements were those from the front door of a church on a straight line to the front door of the building in question. 863 S.W.2d at 688. There was no issue about the validity of the ordinance itself. *Id.* at 688, n. 2. Rather, the court merely applied the ordinance as written.

Appellants' other contention, that the license should have been issued because the point of the intended sale (the present location of the cash register) was more than 300 feet from the church building, is also without merit. Ordinance 4–34 prohibits the granting of a *license for the sale of intoxicating liquor* within 300 feet of a church. As indicated above, the license application in question was not limited to either the cash register area or any other area that would comply with that prohibition.[2]

The trial court did not err in denying the relief sought by Appellants. The judgment is affirmed.

MONTGOMERY, P.J., and BARNEY, J., concur.

---

**2.** We do not decide or express an opinion concerning whether Appellants would have been entitled to a license if the application had been limited to the cash register area. In that regard, we note that § 311.050 provides that a license is required not only to "sell" intoxicating liquor, but also to "expose" it for sale. Additionally, Appellant Donita Haworth testified that it was the intent that the license would permit the storage and display of intoxicating liquors "anyplace in that entire store."