

# SUPREME COURT OF MISSOURI
## en banc

STATE EX REL. KELSEY KOEHLER,   )   *Opinion issued March 31, 2020*
  )
      Relator,   )
  )
  )
v.   )   No. SC98308
  )
  )
THE HONORABLE SANDRA MIDKIFF,   )
  )
      Respondent.   )
  )

**ORIGINAL PROCEEDING IN PROHIBITION**

PER CURIAM

Kelsey Koehler (Mother) filed a petition for dissolution of marriage against Ryan Koehler (Father). The parties subsequently filed competing motions for temporary custody of their minor child (Son). Without a hearing on the motions, the circuit court awarded temporary legal and physical custody solely to Father. Mother now seeks a writ of prohibition from this Court, asserting the circuit court acted in excess of its authority by awarding temporary custody without first conducting a hearing on the temporary custody motions. This Court issues a permanent writ of prohibition ordering the circuit court to

vacate its order sustaining Father's amended motion and awarding Father temporary custody of Son without a hearing.[1]

## Statement of Facts

In 2016, Mother and Father were married. One child, Son, was born of the marriage. In 2019, Mother filed a petition for dissolution of marriage, contemporaneously filing a verified motion for temporary custody of Son. In her motion for temporary custody, Mother requested that the parties be awarded joint legal and physical custody and that a hearing be held on the motion as soon as a guardian ad litem was appointed and investigated any and all safety concerns regarding son's custody. The motion for temporary custody was not accompanied by an affidavit.

In response, Father requested Mother's motion for temporary custody be overruled. He then filed a counter-petition for dissolution of marriage – in which he sought sole legal and physical custody of Son – and a motion for temporary custody. In his amended motion for temporary custody, Father requested the circuit court award him emergency temporary custody of Son and attached an affidavit in support of the allegations in his motion.

Mother filed a response to Father's amended motion, denying the majority of allegations therein and requesting the motion be dismissed. She then filed a supplemental motion for temporary custody in which she requested sole legal and physical custody of

---

[1] Because this writ proceeding involves custody of a minor child, this Court dispenses with the time limitations and briefing procedures in Rule 84.24. *See* Rule 84.24(i) ("Whenever in the judgment of the court the procedure heretofore required would defeat the purpose of the writ, the court may dispense with such portions of the procedure as is necessary in the interest of justice.").

Son.  In her supplemental motion, Mother alleged that "significant events involving the case, custody, health, welfare, and safety" of Son had occurred and that "an immediate hearing was necessary to determine [Son's] temporary custody, visitation and support." Mother verified her supplemental motion for temporary custody by attesting to the truth of the facts asserted in the motion.

The circuit court did not conduct a hearing on the competing motions for temporary custody.  Instead, on October 29, 2019, the circuit court entered an order sustaining Father's motion for temporary custody.  The circuit court found it was in Son's best interest to remain in Father's sole legal and physical temporary custody during the pendency of the dissolution action and granted Mother supervised visitation with Son.  Mother filed a motion to set aside the order awarding Father temporary custody and to set an evidentiary hearing regarding temporary custody and all other outstanding motions.  The circuit court did not rule on the motion to set aside the order, but, in a subsequent pretrial order, ordered the parties to arrive at a stipulated modification of the order granting Father temporary custody.

Mother then filed a petition for a writ of prohibition in the court of appeals, which denied the writ petition.  Mother now seeks a writ of prohibition from this Court, asserting the circuit court exceeded its authority by entering a temporary custody order without first conducting a hearing on the motions.

**Standard of Review**

This Court has the authority to issue and determine original remedial writs.  Mo. Const. art. V, § 4.1.  This Court may issue a writ of prohibition:

3

(1) to prevent the usurpation of judicial power when the trial court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted.

*State ex rel. Mo. Pub. Def. Comm'n v. Pratte*, 298 S.W.3d 870, 880 (Mo. banc 2009). "The relator has the burden of establishing the circuit court acted in excess of its authority." *State ex rel. Cullen v. Harrell*, 567 S.W.3d 633, 637 (Mo. banc 2019).

**Analysis**

Mother contends she is entitled to a writ of prohibition because the circuit court exceeded its authority when it granted Father temporary custody of Son without first conducting a hearing. Section 452.380.1[2] provides: "A party to a custody proceeding may move for a temporary custody order. The motion must be supported by an affidavit. The court may award temporary custody *after a hearing or, if there is no objection, solely on the basis of the affidavits*." (Emphasis added). The plain language of section 452.380.1, therefore, "requires the court to hold a hearing prior to awarding custody if there is an objection." *Hermelin v. Hermelin*, 766 S.W.2d 670, 672 (Mo. App. 1989).

Here, the record reflects temporary custody of Son was highly disputed. Mother filed a motion for temporary custody contemporaneously with her dissolution petition in which she requested a hearing. In response, Father requested Mother's motion be overruled and he filed his own motion for temporary custody of Son. Father subsequently filed an amended motion for temporary custody. It was this amended motion the circuit court ultimately sustained. Mother filed a response denying the allegations in Father's amended

---

[2] All statutory citations are to RSMo 2016 unless otherwise noted.

motion for temporary custody and asking the amended motion be overruled. Soon thereafter, Mother filed a verified, supplemental motion for temporary custody in which she alleged "significant events involving the case, custody, health, welfare, and safety" of Son had occurred since the filing of her initial motion and that "an immediate hearing [was] necessary to determine [Son's] temporary custody, visitation and support."

Given the contentious nature of the custody dispute and Mother's requests for a hearing to determine temporary custody, the record establishes Mother objected to temporary custody being awarded solely on the basis of the motions. Accordingly, the circuit court was required to conduct a hearing before awarding temporary custody of Son.

Father contends the circuit court properly sustained his amended motion for temporary custody because Mother's motions for temporary custody were fatally flawed in that she failed to support them with affidavits as required under section 452.380.1, thereby resulting in Father's motions being unopposed. Father's contentions, however, do not support the circuit court awarding temporary custody without a hearing.

First, Father ignores the fact that Mother's initial and supplemental motions for temporary custody were verified motions in which she attested to the truth of the matters asserted therein. *See State ex rel. Wesolich v. Goeke*, 794 S.W.2d 692, 695-96 (Mo. App. 1990) (finding a motion filed without an affidavit was not procedurally defective despite a statute requiring an affidavit because the motion was verified). Additionally, in seeking the writ, Mother is challenging the order sustaining *Father's* amended motion for temporary custody of Son. She is not requesting a writ requiring the circuit court to sustain her motions for temporary custody of Son. Rather, she is contesting the fact that any order

5

of temporary custody was entered without a hearing. Accordingly, if there were any flaws in Mother's motions for temporary custody, they are not at issue in this writ proceeding.

Furthermore, Father fails to cite any authority supporting his contention that Mother's failure to support her own motions for temporary custody with affidavits results in Father's amended motion for temporary custody being unopposed. Nothing in section 452.380.1 indicates a party's objections to a motion for temporary custody being decided without a hearing must be accompanied by an affidavit. And as previously discussed, temporary custody of Son was contentious with multiple motions filed by both parties. Therefore, neither the record nor the statute support a finding that Father's amended motion for temporary custody was unopposed merely because Mother's response or subsequent motions for temporary custody were unaccompanied by affidavits.

It follows that, under the facts and circumstances of this case, the circuit court exceeded its authority by awarding temporary custody without a hearing. Accordingly, Mother has established she is entitled to a writ of prohibition.[3]

---

[3] The dissenting opinion asserts this Court should deny Mother's writ petition because there are alternative remedies available from the circuit court. In particular, the dissenting opinion focuses on the circuit court's directive that the parties reach a stipulated agreement as to temporary custody after Mother filed a motion to vacate or amend the temporary custody order.

First, although the dissenting opinion takes the position that Mother *agreed* to enter into a stipulated modification order regarding temporary custody, the caption in the pretrial order – "Agreed changes to the Order for Temporary Custody" – is not sufficient to show Mother voluntarily consented to working with Father to modify the custody order. Rather, the order under the caption merely directs the parties to work through counsel and with the guardian ad litem to arrive at a stipulated modification to the order granting temporary custody. In fact, the order even states: "The parties *are encouraged* to submit a proposed Modification of the Order for Temporary Custody, by agreement of both parties and the

6

**Conclusion**

The circuit court exceeded its authority when it awarded Father temporary custody of Son without first conducting a hearing. This Court, therefore, issues a permanent writ of prohibition ordering the circuit court to vacate its order sustaining Father's amended motion and awarding him temporary custody of Son.

Draper, C.J., Russell, Breckenridge and
Stith, JJ., concur; Powell, J., dissents in
separate opinion filed; Wilson and Fischer,
JJ., concur in opinion of Powell, J.

---

[guardian ad litem]." (Emphasis added). Even if Mother did agree to work with Father to reach a modified temporary custody order, her bargaining position would be significantly impaired by the fact the circuit court initially awarded temporary legal and physical custody of Son solely to Father.

Furthermore, nothing in section 452.380.1 suggests a circuit court can resolve temporary custody disputes by ordering the parties to reach a stipulated agreement. Rather, as explained above, under the statute's plain language, the circuit court was required to hold a hearing following objections that the matter be decided solely on the motions.



STATE EX REL. KELSEY KOEHLER,     )
    )
        Relator,     )
    )
v.     )     No. SC98308
    )
THE HONORABLE SANDRA MIDKIFF,     )
    )
        Respondent.     )

## DISSENTING OPINION

"Prohibition is a discretionary writ." *State ex rel. Henley v. Bickle*, 285 S.W.3d 327, 330 (Mo. banc 2009). Prohibition is an extraordinary remedy and "is to be used with great caution." *State ex rel. Douglas Toyota III, Inc. v. Keeter*, 804 S.W.2d 750, 752 (Mo. banc 1991). "A writ of prohibition is appropriate … to remedy an excess of authority." *State ex rel. Strauser v. Martinez*, 416 S.W.3d 798, 801 (Mo. banc 2014). But "[p]rohibition … cannot be used to adjudicate grievances that may be adequately redressed in the ordinary course of judicial proceedings." *Douglass Toyota*, 804 S.W.2d at 752. Writ relief accordingly lies only when the relator has no alternative remedy available to her. *State ex rel. Comm'rs of State Tax Comm'n v. Schneider*, 609 S.W.2d 149, 151 (Mo. banc 1980). This Court should exercise its discretion to deny extraordinary writ relief because Kelsey

Koehler (Mother) can pursue alternative remedies from the circuit court. *See* Rule 84.22(a).

Approximately one week after the circuit court entered its order sustaining Ryan Koehler's (Father) motion for temporary custody, Mother moved to set aside, amend, or vacate the temporary custody order, raising many of the same arguments she now makes in her writ petition, including her argument the circuit court erred entering the temporary custody order without conducting a hearing. The circuit court conducted a pretrial conference with all the parties on November 12, 2019. Although the circuit court did not specifically rule on Mother's motion to set aside,[1] the circuit court entered an order immediately following the pretrial conference containing a section denominated "Agreed to Changes to the Order for Temporary Custody." In the order, the circuit court specifically modified its prior order of temporary custody, directing the parties "to arrive at a stipulated modification" of the order awarding temporary custody of the minor child to Father. The court instructed the parties to "work together to … arrive at a mutually agreeable modification of the court's order." The order further provided any modified temporary custody arrangement must "include parenting time for [Mother] on terms, conditions and times that are in the child's best interest over the . . . time period between now and the final judgment or further orders on temporary custody."

---

[1] The record reflects the motion to set aside is still pending in the circuit court.

2

Despite the opportunity to devise a mutually acceptable temporary custody arrangement, nothing in Mother's writ petition, the circuit court's docket sheet, or the record before this Court indicates she attempted to work with Father and the court appointed guardian ad litem to reach a mutually agreeable modification of the temporary custody order.[2] In addition, Mother has not sought a ruling on her pending motion to set aside, amend, or vacate the original temporary custody order at any time since the November 12, 2019 pretrial conference. Instead, Mother seeks extraordinary writ relief.[3]

---

[2] Mother does not allege that the parties, after making a good faith effort to reach a consensus, cannot mutually agree to a modification of the temporary custody order or that Father refuses to mutually agree to a reasonable modification. Mother's instant writ petition may support an inference that the parties could not reach a mutually agreeable modification of the temporary custody order, but even if the Court were to draw this inference, the record is devoid of any indication Mother alerted the circuit court that no agreement to modify the order could be reached. Based on the record before this Court, the circuit court may very well believe the parties have mutually agreed to a temporary custody arrangement pending trial.

[3] Despite the circuit court's express order directing the parties to attempt to arrive at a stipulated modification to the temporary order, the principal opinion forgives Mother's failure to seek alternative remedies in the circuit court before petitioning this Court for extraordinary writ relief because "her bargaining position would be significantly impaired by the fact the circuit court initially awarded Father sole legal and physical temporary custody." *Slip op*. at 7 n.3. But this concern should not factor into the Court's analysis of this matter because Mother did not raise it in her writ petition. "It is not the function of the appellate court to serve as advocate for any party to an appeal. That is the function of counsel." *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978).

This Court should require Mother to exhaust the potential remedies available to her in the circuit court before issuing the writ of prohibition to vacate the order in question. Because she has not done so, extraordinary writ relief is inappropriate.[4] *Comm'rs of State Tax Comm'n*, 609 S.W.2d at 151; Rule 84.22(a).

                                                 _____

                                                W. Brent Powell, Judge

---

[4] The principal opinion vacates the temporary custody order, requiring the circuit court to re-decide the matter of temporary custody after holding a hearing. It bears noting, however, the date set for final disposition of Mother's petition for dissolution of marriage—April 20, 2020—is quickly approaching. The circuit court's and the parties' availability, especially in light of the disruptions caused by the COVID-19 pandemic, may not permit the court to conduct a hearing on this matter before the case goes to trial. Given the close proximity of the upcoming trial, it may be a prudent use of the circuit court's judicial resources to simply take up the matter of custody at trial. Because a new temporary custody order will, at best, be of limited value to the parties at this advanced stage of the litigation, this Court should exercise its discretion, deny the writ, and allow the issue of custody to be determined at the upcoming trial.