**STATE of Missouri,**
**Plaintiff–Respondent,**

v.

**Kenneth Paul BROWN,**
**Defendant–Appellant.**

No. 16834.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 7, 1990.

Motion for Rehearing or Transfer to
Supreme Court Denied
Dec. 31, 1990.

Application to Transfer Denied
Feb. 7, 1991.

Marcie W. Bower, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PARRISH, Presiding Judge.

Kenneth Paul Brown (defendant) was convicted of possession of more than 35 grams of marijuana, a controlled substance, § 195.020.1,[1] and possession of drug paraphernalia, § 195.020.2, following a jury trial in the Circuit Court of Mississippi County. He was sentenced to imprisonment for a term of three years for the offense of possession of marijuana (Count I), and to confinement for a term of six months in the county jail for the offense of possession of drug paraphernalia (Count II). This court affirms.

Defendant alleges that the trial court erred in overruling his motions for judgment of acquittal made at the close of the state's evidence and at the close of all the evidence. Defendant contends that the state failed to present sufficient evidence to prove that he knowingly possessed a controlled substance or knowingly possessed drug paraphernalia.

In reviewing the record on appeal, this court accepts as true all evidence that tends to prove defendant guilty, together with all reasonable inferences that support the verdicts of the jury. *State v. Barber,* 635 S.W.2d 342, 343 (Mo.1982). Likewise, in order to determine whether sufficient evidence existed from which reasonable persons could have found defendant guilty, any evidence contrary to the verdict is disregarded. *State v. Brooks,* 618 S.W.2d 22, 23 (Mo. banc 1981).

To sustain a conviction for possession of a controlled substance under § 195.020, the state must prove that the defendant knowingly and intentionally possessed the proscribed substance. To meet this burden, conscious, intentional possession, either actual or constructive, must be established. The state must also show that the defendant was aware of the presence and nature of the substances in question. Both possession and knowledge may be proved by circum-

stantial evidence. If actual possession has not been shown, "constructive possession will suffice when other facts buttress an inference of defendant's knowledge of the presence of the controlled substance."

*State v. Barber, supra,* (citations omitted).

The evidence, considered in the light most favorable to the verdict, is as follows. Law enforcement officers from the Cape Girardeau County[2] Sheriff's Department and the Missouri State Highway Patrol executed a search warrant on August 28, 1987, at the residence of defendant's parents. Defendant was present when law enforcement officers arrived and undertook to execute the search warrant.

Upon entering the residence, the officers arrested Marjorie Brown, defendant's mother, and Danny Brown, defendant's brother.[3] After removing Marjorie and Danny from the residence, the officers re-entered the premises. An officer entered a bedroom in the northwest corner of the house and discovered defendant lying in bed. After allowing defendant to dress, he was also taken from the house.

Three bags containing marijuana were found in the room where defendant had been in bed. Two mattresses were on the bed on which defendant was found. A small bag containing marijuana was found under the top mattress. A second bag containing marijuana was found between the bottom mattress and a box spring. A third bag containing marijuana was found inside a suitcase that was sitting near the bed. The marijuana from the bags weighed 4.1 grams, 18.2 grams and 65.8 grams, totaling 88.1 grams. Marijuana was also found in the bed and an ashtray— "the top of a spray can or something"— containing cigarette ashes and marijuana ashes was by the bed.

The bag of marijuana in the suitcase was inside an empty cutout cigarette carton. The suitcase also contained a letter addressed to defendant, as well as other pa-

---

1. References to statutes are to RSMo 1986 unless otherwise stated.

2. This case was tried in Mississippi County upon a change of venue from Cape Girardeau County.

3. Arrest warrants for Marjorie Brown and Danny Brown had been issued prior to the search of the residence. A warrant had also been issued for Paul E. Brown, defendant's father, but he was not at the residence at the time the search was conducted.

pers addressed to him that were attached to a clipboard. Items of men's clothing were inside the suitcase. The clothing included a pair of pants and a shirt. Two bags containing "rolling papers" were found on a shelf or counter area made from stacked boxes. The rolling papers were within three to four feet of the bed. It was "maybe one step to them."

The items inside the suitcase that were addressed to defendant had addresses different than the address of the house that was searched. They were addressed to defendant at Rt. 1, Box 192, Whitewater, Missouri, and at Rural Route, Box 109–A, Whitewater, Missouri. The address for the house that was searched was Rt. 1, Box 131, Whitewater, Missouri.

The address used by defendant on the booking form used to record his arrest was General Delivery, Whitewater. There was testimony by one of the officers who participated in the search that defendant "has bounced around the Whitewater area for several years, and he would live at one address a short time and then another one, and I think that's evidenced by all the addresses we are finding here."

The jury was instructed, as to the charge that defendant committed the offense of possession of marijuana (Count I):

### INSTRUCTION NO. 9 [4]

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about the 28th day of August, 1987, in the County of Cape Girardeau, State of Missouri, the defendant possessed more than 35 grams of Marihuana, and

Second, that defendant knew he possessed it, and

Third, that defendant was aware of the nature and character of the substance, then you will find the defendant guilty under Count I of possessing more than 35 grams of Marihuana.

However, unless you find and believe from the evidence beyond a reasonable

doubt each and all of these propositions, you must find the defendant not guilty of that offense.

The jury was also instructed, as to the charge that defendant committed the offense of possessing drug paraphernalia (Count II):

### INSTRUCTION NO. 11 [5]

As to Count II, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about the 28th day of August, 1987, in the County of Cape Girardeau, State of Missouri, the defendant possessed certain items, to wit: two books of JOB 125 rolling papers, and

Second, that the items were drug paraphernalia, and

Third, that the defendant intended to use the drug paraphernalia to ingest, inhale.or otherwise introduce into the human body a controlled substance, then you will find the defendant guilty under Count II of possessing drug paraphernalia.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

The question presented is whether there was sufficient evidence, together with all reasonable inferences to be drawn therefrom, from which reasonable persons could find each of the elements, as set forth in the respective verdict-directing instructions, of the offenses charged. *State v. Brooks, supra.*

■ There was evidence that more than 35 grams of marijuana was seized from the room that defendant was occupying at the time the officers arrived at the premises where the search warrant was to be executed. The marijuana was within reach of defendant in the bed in which he was found. The bed had two mattresses and box spring. One bag of marijuana was between the two mattresses, one was be-

---

4. MAI–CR 3d 332.06.1 (1–1–87).

5. No verdict-directing instruction is included for this offense in MAI–CR 3d. This instruction is in the format prescribed by MAI–CR 3d 304.02.

tween the bottom mattress and the box spring, and one was in a suitcase that also contained letters addressed to defendant and items of men's clothing. There were rolling papers on a shelf about "one step" away from the bed. An ashtray, or something used as an ashtray, was next to the bed. It contained marijuana ashes. Further, in an interview conducted by the officers who arrested defendant, defendant said he had nothing to do with growing marijuana but commented that he had used marijuana "since the early '60s."

From the foregoing, together with testimony given at trial that defendant had lived "at one address a short time and then another one," reasonable persons could conclude that defendant, by reason of his transient lifestyle, was likely to keep personal belongings in a manner that permitted them to be transported easily; that defendant had control of the suitcase in which a letter and other papers addressed to him were found; that the marijuana that was between the components of the bed on which defendant, an admitted marijuana user, was found was under defendant's control for his immediate use; that the marijuana in the suitcase was available as a resupply whenever defendant exhausted the marijuana located between the components of the bed.

Sufficient evidence was presented to the jury to have permitted reasonable persons to find (1) that defendant possessed more than 35 grams of marijuana on August 28, 1987, the date the search warrant was executed, (2) that defendant knew he possessed it, and (3) that defendant, as a longtime marijuana smoker, was aware of the nature and character of the marijuana. There was sufficient evidence upon which the jury could find defendant guilty of possession of more than 35 grams of marijuana (Count I).

The fact that rolling papers were "one step" away from the bed that defendant had occupied immediately before the search was conducted provided a basis upon which reasonable persons could find

that the rolling papers were under the control of defendant. The fact that a supply of marijuana was readily available in the same room and close to the location where the rolling papers were found provided a basis upon which reasonable persons could find that the rolling papers were intended by defendant to be used in making marijuana cigarettes and were, therefore, drug paraphernalia.[6] These facts, together with the facts heretofore discussed and upon which the jury could have found defendant guilty of possession of marijuana, were sufficient to provide a basis upon which reasonable persons could find that defendant intended to use the rolling papers to smoke marijuana. There was sufficient evidence from which the jury could find defendant guilty of possessing drug paraphernalia (Count II).

The trial court did not err in overruling defendant's motions for acquittal made at the close of the state's evidence and the close of all the evidence. The judgments of conviction are affirmed.

FLANIGAN, C.J., and SHRUM, J., concur.

---

6. In *State v. Vanacker,* 759 S.W.2d 391, 392 (Mo.App.1988), rolling papers and a "hash pipe" were the basis for a charge of possessing drug paraphernalia in a case in which the issue on appeal was the granting of a motion to suppress evidence.