# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2251

_____

David Dixon; Jeffrey Rozelle, Jr.; Aaron Thurman; Richard Robards, On behalf of themselves and all others similarly situated

*Plaintiffs - Appellees*

v.

City of St. Louis

*Defendant - Appellant*

Vernon Betts, Sheriff; Robin Ransom, Judge, in her official capacity as presiding judge; Rex Burlison, in his official capacity as interim Presiding Judge; David Roither, Judge, in his official capacity as Division 25 Judge and Duty Judge; Elizabeth B. Hogan, Judge, in her official capacity as Division 16 Judge and Duty Judge; Thomas McCarthy, Judge, in his official capacity as Division 26 Judge

*Defendant*s

Dale Glass, Commissioner, in his official capacity as St. Louis Commissioner of Corrections

*Defendant - Appellant*

------------------------------

Texas Public Policy Foundation; Right on Crime; National Association of Pretrial Services Agencies; Pretrial Justice Institute; National Association for Public Defense; American Civil Liberties Union Foundation; American Civil Liberties Union of Missouri; Lawyers' Committee for Civil Rights Under Law; Southern Poverty Law Center

*Amici on Behalf of Appellee(s)*

_____

No. 19-2254

_____

David Dixon; Jeffrey Rozelle, Jr.; Aaron Thurman; Richard Robards, On behalf of themselves and all others similarly situated

*Plaintiffs - Appellees*

v.

City of St. Louis; Vernon Betts, Sheriff; Robin Ransom, Judge, in her official capacity as presiding judge

*Defendant*s

Rex Burlison, in his official capacity as interim Presiding Judge; Elizabeth B. Hogan, Judge, in her official capacity as Division 16 Judge and Duty Judge; David Roither, Judge, in his official capacity as Division 25 Judge and Duty Judge; Thomas McCarthy, Judge, in his official capacity as Division 26 Judge

*Defendants - Appellants*

Dale Glass, Commissioner, in his official capacity as St. Louis Commissioner of Corrections

*Defendant*

-------------------------------

Texas Public Policy Foundation; Right on Crime; National Association of Pretrial Services Agencies; Pretrial Justice Institute; National Association for Public Defense; American Civil Liberties Union Foundation; American Civil Liberties Union of Missouri; Lawyers' Committee for Civil Rights Under Law; Southern Poverty Law Center

*Amici on Behalf of Appellee(s)*

_____

-2-

Appeals from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: December 12, 2019
Filed: February 28, 2020

_____

Before ERICKSON, MELLOY, and KOBES, Circuit Judges.

_____

ERICKSON, Circuit Judge.

On January 28, 2018, the Plaintiffs, a group of pretrial arrestees who were detained in St. Louis jails, filed this suit pursuant to 42 U.S.C. § 1983. They challenge the constitutionality of the procedures by which defendants, state and city officials, set money bail. By allegedly failing to consider non-monetary conditions of release, and Plaintiffs' respective abilities to afford bond, these officials oversee, it is claimed, an illegal wealth-based detention regime. On June 11, 2019, the district court granted the Plaintiffs' motion for class certification and entered a preliminary injunction enjoining the enforcement of any monetary condition of release resulting in detention, unless there are findings that detention is necessary because there are no less restrictive alternatives to ensure the arrestee's appearance or public safety. The Defendants have brought this interlocutory appeal of the preliminary injunction. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we reverse.

I. Background

The Plaintiffs' complaint alleges a system of pretrial detention where secured bail is routinely ordered without an individualized determination of arrestees' respective ability to pay, risk of flight, or danger to the public. They assert that shortly after arrest a bond commissioner recommends to a duty judge that a cash bond

-3-

be set in a certain amount. The duty judge usually accepts the recommendation. Once the bond is set, those who can post the bond are released while those who are unable to post the bond are held on bail and afforded an initial appearance within forty-eight hours. On the way to the appearance, the arrestees are allegedly told by a police officer that this is not the time to request a bond modification and that it would be best if they remained silent. If an arrestee asks about bond during the hearing, the judge tells him that his lawyer should make a motion for a bond reduction. It is alleged that it usually takes five weeks to receive a bail review hearing and that at these hearings the judges routinely fail to tailor bond to arrestees' individual circumstances.

The Plaintiffs assert that this procedure violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment and that it contravenes the Missouri Supreme Court's rules governing pretrial release, which required judges to "take into account" information, if available, on an arrestee's "financial resources" before setting release conditions. Mo. R. Crim. P. 33.01(e) (1994). Rule 33.01 has been modified twice in the last year, once on July 1, 2019, and again on January 1, 2020. The first of these amendments was announced on December 18, 2018, almost six months before the district court's injunction. The new rules clarify that a court may not impose cash bail absent an individualized assessment of an arrestee's financial circumstances. They also provide that within seven days of an arrest the court must conduct a review hearing on the record and make written findings supported by clear and convincing evidence. Mo. R. Crim. P. 33.01 (2020).

We stayed the district court's injunction on July 3, 2019, pending this appeal.

## II. Discussion

The grant of a preliminary injunction is reviewed for abuse of discretion. TCF Nat'l Bank v. Bernanke, 643 F.3d 1158, 1162 (8th Cir. 2011). We will find an abuse

of discretion when the district court relies on clearly erroneous factual findings or an error of law. Phyllis Schlafly Revocable Tr. v. Cori, 924 F.3d 1004, 1009 (8th Cir. 2019). An abuse of discretion also occurs when "a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment." Novus Franchising, Inc. v. Dawson, 725 F.3d 885, 893 (8th Cir. 2013) (quotation marks omitted).

The district court identified the applicable Dataphase factors: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc). We find, however, that it gave too little weight in its discussion of these factors to the recent changes to the Missouri rules governing pretrial release. These rules were announced months before, and took effect just three weeks after, the district court issued its injunction. And, as the district court recognized, they addressed the very procedures with which Plaintiffs take issue. Dixon v. City of St. Louis, Case No. 4:19-cv-0112-AGF, 2019 WL 2437026, at *2 (June 11, 2019).

The district court, in fact, considered the effect of the rule changes on the question of mootness. See id. at *13 n.10 ("The impending rule change does not render this case moot."). But it failed to adequately account for their effect on the question of whether a preliminary injunction served the public interest in comity between the state and federal judiciaries. In re SDDS, Inc., 97 F.3d 1030, 1040–41 (8th Cir. 1996) (including comity as a public interest to be considered in a preliminary injunction analysis). "Few public interests have a higher claim upon the discretion of a federal chancellor than the avoidance of needless friction with state policies." R.R. Comm'n of Tex. v. Pullman Co., 312 U.S. 496, 500 (1941); see also Ruhrgas

AG v. Marathon Oil Co., 526 U.S. 574, 586 (1999) ("Cooperation and comity, not competition and conflict, are essential to the federal design."); Rizzo v. Goode, 423 U.S. 362, 378 (1976) ("Where, as here, the exercise of authority by state officials is attacked, federal courts must be constantly mindful of the special delicacy of the adjustment to be preserved between federal equitable power and State administration of its own law." (quotation marks omitted)). We note that "[t]his principle of comity takes on special force when federal courts are asked to decide how state courts should conduct their business." Courthouse News Serv. v. Brown, 908 F.3d 1063, 1074 (7th Cir. 2018).

The Missouri Supreme Court, by initiating an update to the rules pertaining to cash bail, was presumably using its superintendence powers to signal to the lower state courts that the status quo was unacceptable. The Defendants took the hint, "fully accept[ing] [before the district court] the propriety of compliance with the . . . new Missouri Rule of Criminal Procedure 33.01, to take effect in two weeks." Dixon v. City of St. Louis, Case No. 4:19-cv-0112-AGF, 2019 WL 2509792, at *1 (E.D. Mo. June 17, 2019). These are important facts that distinguish this case from similar cash-bail cases recently decided by our sister circuits. See Walker v. City of Calhoun, 901 F.3d 1245, 1251–53 (11th Cir. 2018); ODonnell v. Harris Cty., 892 F.3d 147, 152–55 (5th Cir. 2018). Here the district court resorted to the "extraordinary remedy" of a preliminary injunction without giving adequate consideration to the new rules and their implementation. Winter v. NRDC, 555 U.S. 7, 24 (2008). By doing so, it interjected the power of the federal government into the Missouri Supreme Court's attempt to police its own lower courts, without contemplating what this would mean for federal-state relations. This failure constitutes an abuse of the district court's discretion.

We do not decide today whether the district court should have abstained from hearing the case altogether, but only that it improperly omitted from its analysis "a relevant factor that should have been given significant weight." Novus Franchising,

Inc., 725 F.3d at 893 (quotation marks omitted). On remand the district court should consider this factor as well as the necessity of an injunction in light of the course of conduct since this court's issuance of the stay pending appeal.

## III. Conclusion

The preliminary injunction is vacated and the case remanded for proceedings consistent with this opinion.

_____