

# In the Missouri Court of Appeals
# Eastern District
**DIVISION THREE**

| | | |
|---|---|---|
| CORDELL NICHOLS, JR, | ) | No. ED108877 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Christopher E. McGraugh |
| THOMAS MCCARTHY, | ) | |
| | ) | |
| Respondent. | ) | Filed: September 22, 2020 |

The appellant, Cordell Nichols, Jr., appeals the judgment entered by the Circuit Court of the City of St. Louis dismissing his petition for declaratory judgment. After unsuccessfully seeking a writ of mandamus, Nichols sought a judgment declaring that the circuit court is required to consider evidence of a defendant's ability to pay when fixing monetary conditions of release in bonds and initial arrest warrants. The circuit court dismissed Nichols's action for failure to state a claim on the ground that he had an adequate remedy at law in the form of a remedial writ in a higher court.

We reverse and remand. When, as occurred here, relief by remedial writ is denied without opinion, the denial does not constitute a decision on the merits and has no preclusive effect. A defendant has no adequate remedy at law when he cannot obtain a decision on the

merits of his claim. As a result, the circuit court erred in dismissing the action, and Nichols is entitled to a declaration of rights under the Declaratory Judgment Act.

<u>Factual and Procedural Background</u>

On December 31, 2019, the State charged Nichols with one count of the class D felony of unlawful possession of a firearm in cause number 1922-CR03961. Judge Thomas McCarthy issued an arrest warrant for Nichols on the same day. The warrant contained a monetary condition of release set in the amount of "$30,000 cash only." The only information available to Judge McCarthy at the time he set this monetary condition of release was the felony complaint and the accompanying probable cause statement, neither of which contained any information about Nichols's ability to pay a bond.[1]

In accordance with Rule 22.07, which requires a defendant arrested and confined under the initial warrant to have a court appearance within 48 hours, Nichols had a court appearance on January 2, 2020 at which time the court ordered him held without bond. Because Nichols continued to be confined, he had a hearing seven days later on January 9th in accordance with Rule 33.05.[2] At this hearing, the court found Nichols to represent a danger to the community, and again the court ordered Nichols held without bond. The court rejected Nichols's argument that

---

[1] The complaint and probable cause statement set forth Nichols's pedigree, and alleged that Nichols committed the class D felony of unlawful possession of a firearm, in violation of section 571.070 RSMo., in that on December 30, 2019, Nichols knowingly possessed a 9mm Smith & Wesson SD9 pistol after having been convicted of the felony offense of second-degree burglary in 2017. The probable cause statement disclosed that police were directed to Nichols, and discovered him carrying the firearm on the Metrolink.

[2] Supreme Court Rule 33.05 provides in full:

> A defendant who continues to be detained after the initial appearance under Rule 21.10 or Rule 22.08 shall have the defendant's detention or conditions of release reviewed at a hearing by the court subject to the right of a victim to be informed of and heard at the hearing. The hearing shall occur as soon as practicable but no later than seven days, excluding weekends and holidays, after the initial appearance, absent good cause shown by the parties or the court. At the hearing, the court shall determine if the defendant shall be detained or released as provided in Rule 33.01. Nothing herein shall prohibit a defendant from making subsequent application for review of the defendant's detention or conditions of release under Rule 33.01.

2

the initial arrest warrant should be recalled because the monetary condition of release—$30,000 cash only—was set without any consideration of Nichols's ability to pay.

Following his January 9th hearing, Nichols filed a petition in this Court, seeking a writ of mandamus directing the circuit court to recall the warrant issued in the underlying criminal case. This Court denied Nichols's petition without opinion, and Nichols then sought a writ of mandamus in the Missouri Supreme Court, which was likewise denied without a written opinion. Nichols also filed in this Court a direct appeal of the order detaining him without bond, which this Court dismissed for lack of a final, appealable judgment. Nichols's subsequent application for transfer of his direct appeal to the Supreme Court was denied.

The next day, January 29, 2020, Nichols filed a petition for declaratory judgment in the Circuit Court for the City of St. Louis against Judge McCarthy in his official capacity as a judge of the 22nd Judicial Circuit, Associate Division. Nichols challenged the monetary condition of release fixed in the *initial* arrest warrant, claiming that it violated Missouri law as well as a preliminary injunction entered by the U.S. District Court for the Eastern District of Missouri in a different case.[3] Nichols requested that the circuit court "enter a judgment declaring that [Judge McCarthy] is required to consider evidence of ability to pay when fixing monetary conditions of release in bonds and initial arrest warrants." Nichols claimed he had no adequate remedy at law

---

[3] In *Dixon v. City of St. Louis*, the plaintiffs filed an action under 42 U.S.C. 1983 challenging the constitutionality of the procedures by which the defendant state and city officials set monetary bail. 950 F.3d 1052, 1054 (8th Cir. 2020). The plaintiffs alleged a system of pretrial detention where the courts routinely order secured bail without an individualized determination of the arrestee's ability to pay, risk of flight, or danger to the public. *Id*. at 1055. The federal district court entered a preliminary injunction enjoining the enforcement of any monetary condition of release resulting in detention unless findings support that detention is necessary because there are no less restrictive alternatives to ensure the arrestee's appearance or public safety. *Id*. at 1054. The Eighth Circuit vacated the injunction and remanded the case, concluding that the district court failed to give adequate consideration to Missouri's new Rules of Criminal Procedure implemented to address the very procedures with which the plaintiffs took issue. *Id*. at 1055-56.

because he had already been denied relief via both extraordinary writ and direct appeal in the appellate court and the Supreme Court.

A motion to dismiss was filed on behalf of Judge McCarthy, arguing that the circuit court should dismiss Nichols's petition for failing to state a claim because an adequate remedy exists, namely a writ of mandamus. The motion pointed out that Nichols had, in fact, already availed himself of that remedy, albeit unsuccessfully. Nichols countered that the circuit court should deny the motion to dismiss:

> [B]ecause remedial writs of mandamus challenging the imposition of cash bail [are] only a "theoretical" remedy and thus illusory and inadequate, and because direct appeal affords no basis for relief for challenges to the excessiveness of bail, [Nichols] is left with no adequate remedy at law for the claims raised in this petition.

The circuit court granted the motion to dismiss. The court ruled that Nichols has an adequate remedy at law in the form of a remedial writ in a higher court as provided in Rule 33.09, which states in relevant part that "if the defendant or the state allege the court . . . set inadequate or excessive conditions of release, the defendant or the state may seek remedial writ relief in a higher court . . . ." Nichols appeals.

Discussion

In two points on appeal, Nichols challenges the circuit court's dismissal of his petition for declaratory judgment. He contends that he has no adequate remedy at law, and that he has pled a viable claim for declaration of rights as a matter of law.

*Standard of Review*

We review *de novo* the trial court's grant of a motion to dismiss. *A.F. v. Hazelwood School Dist.*, 491 S.W.3d 628, 631 (Mo. App. E.D. 2016). A motion to dismiss for failure to state a claim is solely a test of the adequacy of the petition. *Id*. We take the plaintiff's averments as true, and liberally construe all reasonable inferences in the plaintiff's favor. *Id*. We review only

4

the grounds contained in the motion to dismiss, and we must affirm if dismissal was appropriate on any ground supported by the motion. *Id.*

Here, the sole ground contained in the motion to dismiss was that Nichols had an adequate remedy at law via a petition for writ of mandamus. The circuit court agreed, granting the motion to dismiss on this basis.

*Point I*

In his first point, Nichols claims the trial court erred in granting the motion to dismiss because he pleaded there exists no adequate remedy at law in that the denial of an extraordinary remedial writ does not reach the merits of the claim and is therefore without legal effect. The Declaratory Judgment Act gives trial courts "power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." Section 527.010 RSMo. (2016);[4] Rule 87.02. The Act is remedial, its purpose being "to settle and afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." Section 527.120; *Payne v. Cunningham*, 549 S.W.3d 43, 47 (Mo. App. E.D. 2018). Court should liberally construe and administer the Act. Section 527.120.

Declaratory judgment, however, is not a general solution for all real and imagined legal ills, nor is it a substitute for all existing remedies. *Payne*, 549 S.W.3d at 47. A court may grant a declaratory judgment if the petitioner presents: (1) a justiciable controversy; (2) legally protectible interests; (3) a controversy ripe for judicial determination; and (4) an inadequate remedy at law. *Id.* at 48. When a declaratory judgment claim improperly invokes the Act because an adequate remedy already exists, the declaratory judgment claim fails to state a cause of action. *Id.*

---

[4] All statutory references are to RSMo. (2016).

To sufficiently state a claim for declaratory judgment, the petition need only allege facts invoking substantive legal principles that entitle the petitioner to relief. *State ex rel. Am. Eagle Waste Indus. v. St. Louis County*, 272 S.W.3d 336, 340 (Mo. App. E.D. 2008). "[T]he question is not whether the petition shows that plaintiff is entitled to the declaratory relief he seeks in accordance with the theory he states; rather, it is whether, under the averments of his petition, he is entitled to a declaration of rights at all." *Payne*, 549 S.W.3d at 49. Here, Nichols sought a declaration of his rights, specifically "that [Judge McCarthy] is required to consider evidence of ability to pay when fixing monetary conditions of release in an initial arrest warrant and that the current practice of setting arbitrary sums of monetary amounts in the initial arrest warrant without considering the defendant's ability to pay violates Missouri law . . . ."

Rule 33.09 states in relevant part that "if the defendant or the state allege the court . . . set inadequate or excessive conditions of release, the defendant or the state *may* seek remedial writ relief in a higher court . . . ." (Emphasis added). Based on this language in Rule 33.09, the circuit court determined that "the petition for declaratory relief must be dismissed because Rule 33.09 provides for a remedy by way of remedial writ. . . . The [c]ourt concurs with [respondent]'s argument that petitioner has an adequate remedy at law." We disagree.

A court may issue a writ of mandamus in limited circumstances. *Twentieth Judicial Circuit v. Bd. of Comm'rs*, 597 S.W.3d 761, 763 (Mo. App. E.D. 2020). Mandamus is a discretionary remedy; it is not a writ of right. *State ex rel. Jay Bee Stores, Inc. v. Edwards*, 636 S.W.2d 61, 62-63 (Mo. banc 1982). Mandamus is a hard and fast unreasoning writ, reserved for extraordinary emergencies. *Twentieth Judicial Circuit*, 597 S.W.3d at 763. The function of the writ of mandamus is to enforce, not to establish, a claim of right; its purpose is to execute, not to adjudicate. *Id*. To obtain a writ of mandamus, the relator must have an existing, clear,

6

unconditional legal right, and the respondent must have a corresponding present, imperative, unconditional duty in which the respondent has defaulted. *Id*. A writ of mandamus is not available when the right sought to be enforced is doubtful. *Jay Bee Stores*, 636 S.W.2d at 63. The remedy is appropriate only when the right to relief is clear and unequivocal. *Id*.

If the Court issues a preliminary writ and later quashes it and denies the permanent writ, we may review that decision on appeal. *Am. Eagle Waste Indus.*, 272 S.W.3d at 339. In general, however, no appeal lies from the dismissal or denial of a petition for a writ of mandamus. *Id*. The remedy for an initial denial is a direct petition in a higher court for a writ of mandamus. *Id*. Here, Nichols filed a petition for a writ of mandamus in our Missouri Court of Appeals, Eastern District, which we denied without opinion. Nichols then filed a petition for a writ of mandamus in our Missouri Supreme Court, which was likewise denied without opinion.

A decision has no preclusive effect when there is a question whether the decision reached the merits of the case. *Johnson v. Mo. Bd. of Probation and Parole*, 92 S.W.3d 107, 112 (Mo. App. W.D. 2002). "[A]s the Missouri Supreme Court held in *Rodriguez v. Suzuki Motor Corporation*, 996 S.W.2d 47, 61 (Mo. banc 1999), the denial of a petition for a writ is not a conclusive decision of the merits of the issue presented." *Concerned Citizens for Crystal City v. City of Crystal City*, 334 S.W.3d 519, 524-25 (Mo. App. E.D. 2010). Denial of a writ by the appellate court means nothing because a court may deny a writ for a number of reasons. *State v. Kinder*, 89 S.W.3d 454, 458 n.3 (Mo. banc 2002). Of particular importance here, such a denial does not necessarily mean that a petitioner cannot establish a right to relief in a later proceeding. *Id*.

Indeed, Missouri courts have adjudicated actions for declaratory judgment filed after a petitioner was denied a remedial writ without an opinion on the merits. In *Norval v. Whitesell*,

our Supreme Court held that an earlier denial of a writ of mandamus to other parents seeking relief against the same respondent school board on an identical issue was not *res judicata* as to the Norvals in their suit for declaratory judgment.[5] 605 S.W.2d 789, 790 (Mo. banc 1980). "[I]t has also been held that, where mandamus will not lie as of strict right, but may be refused in the discretion of the court, a denial of that remedy does not bar a subsequent action." *Id*. at 791 (quoting *State ex rel. Hamilton v. Cohn*, 95 P.2d 38, 41 (Wash. 1939)).

In *Johnson v. Missouri Board of Probation and Parole*, Johnson filed a declaratory judgment action after having writs of *habeas corpus* denied without opinion in the Court of Appeals and the Supreme Court. 92 S.W.3d at 110. On appeal from summary judgment granted in favor of the Board of Probation and Parole in the declaratory judgment action, the Western District affirmed that the Board was entitled to summary judgment as a matter of law. *Id*. at 108-09. Nonetheless, the Court observed that "the denial of Johnson's *habeas corpus* petition had no preclusive effect because it was not a decision on the merits. Therefore, to the extent that the trial court relied on *res judicata* in granting the Board's motion for summary judgment on this issue, it erred." *Id*. at 116.

As provided in Rule 33.09, a defendant may seek relief via a remedial writ if he believes that the court has set excessive conditions of release. When such relief is denied without opinion, however, the denial is of no preclusive effect because it does not constitute a decision on the merits. *Id*. at 112. Denial of a writ of mandamus does not bar a later action. *Norval*, 605 S.W.2d 789 at 791. We hold that under the circumstances presented here, where a defendant cannot obtain a decision on the merits of his claim via remedial writ as provided in Rule 33.09, then he

---

[5] "*Res judicata*" means "[a]n issue that has been definitively settled by judicial decision." Res Judicata Definition, *Black's Law Dictionary* (11th ed. 2019), *available at* Westlaw. "[T]he doctrine of *res judicata* applies only to matters adjudicated . . . ." *Norval*, 605 S.W.2d at 791.

8

has, in fact, no adequate remedy at law. Thus, Nichols is entitled to seek a declaration of rights on the merits of his claim. We grant Nichols's first point.

*Point II*

In his second point, Nichols claims the trial court erred in dismissing his petition for declaratory judgment because he pleaded a viable claim for declaration of rights as a matter of law, in that Rule 33.01(c) requires a court to consider a defendant's ability to pay when fixing monetary conditions of release on the initial arrest warrant in criminal cases involving bailable offenses.

We need only decide whether the circuit court properly dismissed Nichols's declaratory judgment action on a ground supported by the motion to dismiss. Thus, we need not address Nichols's second point concerning the merits of his claim.

> [I]t is not the function of the trial court on a motion to dismiss or of this court on appeal from a judgment of dismissal to make an analysis of the law under which the rights are claimed or to construe the statutes in question or to determine on the merits whether plaintiff is entitled to the declaratory relief he seeks in accordance with the theory he states. If under the facts pleaded a plaintiff is entitled to declaration of rights at all, the petition is sufficient for that purpose even though it advances a mistaken contention of law. A plaintiff's standing to claim declaratory relief—and to assert a legally protectible interest—is not impaired by the probability that ultimately he will not prevail.

*Am. Eagle Waste Indus.*, 272 S.W.3d at 340-41 (internal quotations and citations omitted). It is for the circuit court to interpret the rules on which Nichols bases his claim for relief, and to determine on the merits whether Nichols is entitled to the declaratory relief he seeks in accord with the theory he states.

Finally, we recognize that this appeal may be moot as to Nichols, but we decline to dismiss it as urged at oral argument on behalf of the respondent. We find that the public-interest exception to the mootness doctrine applies because the issue raised has general public interest and importance, and is likely to recur while otherwise evading appellate review. *Grzybinski v.*

9

*Dir. of Revenue*, 479 S.W.3d 742, 745 (Mo. App. E.D. 2016). Here, the issue Nichols raises has general public interest and importance for all defendants for whom bond is set, and the issue is likely to recur—in fact it occurs regularly. In addition, the issue will continue to evade appellate review because defendants will generally have issues regarding their bond resolved in some manner before they can obtain a declaration of rights in the circuit court followed by appellate review.

Although we find that the public-interest exception to the mootness doctrine applies, we still decline to address the merits of Nichols's claim. The parties did not have an opportunity to address the merits in the circuit court, given the dismissal of the action for failure to state a claim. We reiterate that it is for the circuit court to interpret the rules on which Nichols bases his claim for relief, and once the parties have had the opportunity to develop and argue their respective positions, to determine on the merits whether Nichols is entitled to the declaratory relief he seeks in accord with the theory he states.

Conclusion

Rule 33.09 provides that a defendant may seek relief via a remedial writ if he believes that the court has set excessive conditions of release, including a monetary condition fixed without proper consideration of the defendant's ability to pay. When, as here, relief by remedial writ is denied without opinion, the denial does not constitute a decision on the merits and has no preclusive effect. A defendant has no adequate remedy at law when he cannot obtain a decision on the merits of his claim. As a result, the circuit court erred in dismissing the action, and Nichols is entitled to a declaration of rights under the Declaratory Judgment Act. We reverse the dismissal of Nichols's petition for declaratory judgment, and remand to the circuit court for further proceedings consistent with this opinion.

_____
Angela T. Quigless, P.J.

Kurt S. Odenwald, J. and
James M. Dowd, J., concur